IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 25, 2017

ISAAC SUTTON, JR.,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D16-3856
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
                                      )
_____ )


        This court clarifies that this appeal reviews an August 2, 2016, order

dismissing as untimely the appellant's motion for postconviction relief docketed in circuit

court case number 01-CF-1334 on May 9, 2016.  The appellant's motion to supplement

the record on appeal is denied, and the appellant's motion for rehearing and certification

is denied.  The appellant's motion for written opinion is granted, and the per curiam

affirmance issued on April 19, 2017, is withdrawn with the following opinion substituted

therefor.  No further motions for rehearing will be considered.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

ISAAC SUTTON, JR.,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D16-3856
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed October 25, 2017.

Appeal from the Circuit Court for Lee County; Joseph C. Fuller, Jr., and Ramiro Mañalich, Judges.

Isaac Sutton, Jr., pro se.

PER CURIAM.

⠀⠀⠀⠀⠀⠀Isaac Sutton, Jr., appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In May 2016, Sutton filed his rule 3.850 motion in circuit court case number 01-CF-1334, challenging a conviction that was later used to habitualize him when he was convicted of new offenses in 2009. The postconviction court dismissed Sutton's rule 3.850 motion as untimely, finding that his conviction in 01-CF-1334 became final in 2008 when a mandate was issued in his direct appeal and that he had until April 24, 2010, to file a timely rule 3.850 motion.

We affirm the postconviction court's dismissal; however, we clarify the dates that render his motion untimely. The dates relied on by the postconviction court relate to one of Sutton's other postconviction appeals (2D07-5888), rather than the direct appeal from his judgment and sentence in 01-CF-1334. Sutton's judgment and sentence in 01-CF-1334 was affirmed in 2003 in 2D03-160, and the mandate issued on February 2, 2004. Therefore, he had until February 2006 to file a timely rule 3.850 motion relating to his conviction in that case. See Fla. R. Crim. P. 3.850(b). Based on the allegations in his rule 3.850 motion, none of the exceptions to the two-year time limit apply.

Affirmed.

MORRIS, BLACK, and SALARIO, JJ., Concur.